✎ JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Wall Wireless, LLC | Nintendo Co., Ltd. et al |

**(b)**  County of Residence of First Listed Plaintiff   Collin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Fulbright & Jaworski, LLP; 2200 Ross Ave; Suite 2800, Dallas TX
75201; (214) 855-8000

Attorneys (If Known)

## II.  BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
       Plaintiff
- ☒ 3  Federal Question
       (U.S. Government Not a Party)
- ☐ 2  U.S. Government
       Defendant
- ☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original
       Proceeding
- ☐ 2  Removed from
       State Court
- ☐ 3  Remanded from
       Appellate Court
- ☐ 4  Reinstated or
       Reopened
- ☐ 5  Transferred from
       another district
       (specify)
- ☐ 6  Multidistrict
       Litigation
- ☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1338(a) and 28 U.S.C. 1331
Brief description of cause:
Patent Infringement

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD   _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **WALL WIRELESS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NINTENDO CO., LTD.,** | § | |
| **NINTENDO OF AMERICA, INC.,** | § | CIVIL ACTION No. 6:09cv00064 |
| **SONY CORPORATION,** | § | |
| **SONY CORPORATION OF AMERICA,** | § | JURY TRIAL DEMANDED |
| **SONY COMPUTER ENTERTAINMENT** | § | |
|   **AMERICA INC.,** | § | |
| **SONY ONLINE ENTERTAINMENT LLC,** | § | |
| **NOKIA, INC., and** | § | |
| **NOKIA CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Wall Wireless, LLC ("Wall Wireless") complains against Nintendo Company, Ltd. and Nintendo of America, Inc. (collectively "Nintendo"), Sony Corporation, Sony Corporation of America, Sony Computer Entertainment America Inc., and Sony Online Entertainment LLC (collectively "Sony"), and Nokia, Inc. and Nokia Corporation (collectively "Nokia") (Nintendo, Sony, and Nokia are collectively referred to as "Defendants") as follows:

## PARTIES

1.      Wall Wireless, LLC is a Texas limited liability company, with a principal place of business in this district at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Defendant Nintendo Company, Ltd. is a foreign corporation organized and existing under the laws of Japan, with a principal place of business at 11-1, Kamitoba Hokotate-cho, Minami-ku, Kyoto, 601-8501, Japan. Service upon Nintendo Co. Ltd. is proper through the means authorized by the Hague Convention. In accordance with Articles 3 and 5 of the Hague Convention, a properly-formatted request, summons, and complaint can be forwarded to the Central Authority of Japan at The Minister of Foreign Affairs, 2-2-1 Kasumigaseki, Chiyoda-ku, Tokyo 100-8919, Japan. Pursuant to Article 5a of the Hague Convention, Nintendo Company Ltd. can be served by the Central Authority of Japan in the method prescribed by the internal laws of Japan for the service of documents and domestic actions upon persons who are within its territory.

3. Defendant Nintendo of America, Inc. is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 4820 150th Avenue N.E., Redmond, Washington 98052. Nintendo of America, Inc. may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4. Defendant Sony Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 7-1, Konan 1-Chome, Minato-ku, Tokyo 108-0075, Japan. Service upon Sony Corporation is proper through the means authorized by the Hague Convention. In accordance with Articles 3 and 5 of the Hague Convention, a properly-formatted request, summons, and complaint can be forwarded to the Central Authority of Japan at The Minister of Foreign Affairs, 2-2-1 Kasumigaseki, Chiyoda-ku, Tokyo 100, Japan. Pursuant to Article 5a of the Hague Convention, Sony Corporation can be served by the Central

Authority of Japan in the method prescribed by the internal laws of Japan for the service of documents and domestic actions upon persons who are within its territory.

5.      Defendant Sony Corporation of America is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 550 Madison Avenue, New York, New York 10022.  Sony Corporation of America may be served with process by serving its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange, Street, Wilmington, Delaware 19801.

6.      Defendant Sony Computer Entertainment America Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 919 East Hillsdale Boulevard, Second Floor, Legal Department, Foster City, California 94404.  Sony Computer Entertainment America Inc. may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7.      Defendant Sony Online Entertainment LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 8928 Terman Court, San Diego, California 92121.  Sony Online Entertainment LLC may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc., at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      Defendant Nokia, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039.  Nokia Inc. may be served with process by serving its registered agent, National Registered Agents, Inc., at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

9.     Defendant Nokia Corporation is a foreign corporation organized and existing under the laws of Finland with its principal place of business at Keilalahdentie 4, P.O. Box 226, Fl-00045 NOKIA GROUP, Espoo, Finland.  Service upon Nokia Corporation is proper through the means authorized by the Hague Convention.  In accordance with Articles 3 and 5 of the Hague Convention, a properly-formatted request, summons, and complaint can be forwarded to the Central Authority of Finland at the Ministry of Justice, P.O. Box 25, FIN-00023 Government, Finland.  Pursuant to Article 5a of the Hague Convention, Nokia Corporation can be served by the Central Authority of Finland in the method prescribed by the internal laws of Finland for the service of documents and domestic actions upon persons who are within its territory.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.  This action arises under the patent laws of the United States, Title 35 of the United States Code.

11.     Each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.  Venue is proper in this district over Defendants under 28 U.S.C. §§ 1391(c) and 1400(b).  Venue is also proper in this district over Defendants Nintendo Company, Ltd., Sony Corporation, and Nokia Corporation under 28 U.S.C. § 1391(d).

12.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (a) a portion of the infringement alleged herein; and (b)

regularly doing or soliciting business, engaging in other persistent course of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## PATENT INFRINGEMENT

13. On May 15, 2001, Corbett Wall ("Mr. Wall") filed Taiwanese Patent Application No. 90/111564 ("Taiwanese Patent Application").

14. On September 25, 2001, Mr. Wall filed U.S. Patent Application No. 09/963,348, which timely and properly claimed the benefit of the priority date of the Taiwanese Patent Application.

15. On October 28, 2003, U.S. Patent No. 6,640,086 (the "'086 Patent"), entitled "Method and Apparatus for Creating and Distributing Real-Time Interactive Media Content Through Wireless Communication Networks and the Internet" naming Corbett Wall as the inventor, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '086 patent, which issued on October 28, 2003, is attached as Exhibit A.

16. Plaintiff Wall Wireless is the owner by assignment of the '086 patent.

17. At least as early as October 2008, each Defendant received actual notice of the '086 patent.

18. Defendants have failed to take a license under the '086 Patent.

19. Nintendo has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of at least Claims 1 and 26 the '086 patent in the State of Texas, in this district, and elsewhere in the United States. Nintendo's acts

of infringement include, among other things, manufacturing, using, importing, selling, and/or offering for sale handheld WiFi devices and multiplayer real-time games, including without limitation, the Nintendo DS, Nintendo DS Lite, and Mario Kart available and/or played through www.nintendowifi.com and http://www.nintendoworldstore.com. Nintendo is thus liable for infringement of the '086 patent pursuant to 35 U.S.C. § 271.

20. Sony has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of at least Claims 1 and 26 of the '086 patent in the State of Texas, in this district, and elsewhere in the United States. Sony's acts of infringement include, among other things, manufacturing, using, importing, selling and/or offering for sale handheld WiFi devices and multiplayer real-time games, including without limitation, the Sony PlayStation® Portable and Wipeout® Pulse available and/or played through www.us.playstation.com. Sony is thus liable for infringement of the '086 patent pursuant to 35 U.S.C. § 271.

21. Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of at least Claims 1 and 26 of the '086 patent in the State of Texas, in this district, and elsewhere in the United States. Nokia's acts of infringement include, among other things, manufacturing, using, importing, selling and/or offering for sale handheld WiFi devices and multiplayer real-time games, including without limitation, the N81, N82, N93, N95, and Reset Generation available and/or played through http://www.n-gage.com and http://www.nokiausa.com. Nokia is thus liable for infringement of the '086 patent pursuant to 35 U.S.C. § 271.

22.     As a result of Defendants' infringement of the '086 patent, Wall Wireless has suffered monetary damages that are compensable under 35 U.S.C. § 284 by no less than a reasonable royalty, and it will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoining by this Court.

23.     Unless a permanent injunction is issued enjoining Defendants from infringing the '086 patent, Wall Wireless will be irreparably harmed.

24.     This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Wall Wireless is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Wall Wireless  requests that the Court enter:

(a)     A judgment that Defendants have directly, and/or by way of inducing infringement by others, and/or by contributing to the infringement by others, infringed the '086 patent, and that such infringement is wilful;

(b)     A permanent injunction enjoining Defendants and their officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with them from infringing the '086 patent;

(c)     A judgement and order requiring Defendants to pay Wall Wireless its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '086 patent as provided under 35 U.S.C. § 284;

(d)     A judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Wall Wireless its reasonable attorneys' fees; and

(f)     Any and all other relief to which the Court may deem Wall Wireless entitled.

## DEMAND FOR JURY TRIAL

25.     Wall Wireless, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 13th, 2009                Respectfully submitted,

By: /s/ Brett C. Govett
   Brett C. Govett (TBN 08235900)
   bgovett@fulbright.com
   Attorney-in-Charge
   J. Jeffery Richardson (TBN 16864450)
   jrichardson@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Tel:   (214) 855-8000
Fax:   (214) 855-8200

   Richard S. Zembek (TBN 00797726)
   rzembek@fulbright.com
   Eric B. Hall (TBN 24012767)
   ehall@fulbright.com
   George W. Jordan (TBN 00796850)
   gjordan@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

   T. John Ward, Jr. (TBN 00794818)
   jw@jwfirm.com
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Dallas, Texas 75201
Tel:   (903) 757-6400
Fax:   (903) 757-2323

Otis W. Carroll (TBN 03895700)
otiscarroll@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway
P.O. Box 7879
Tyler, Texas 75711-7879
Tel:   (903) 561-1600
Fax:   (903) 581-1071

***ATTORNEYS FOR PLAINTIFF***
***WALL WIRELESS, LLC***